777 S.E.2d 546

### Re CIVIL MOTIONS PILOT PROGRAM.

Supreme Court of South Carolina.

Sept. 10, 2015.

## ORDER

Pursuant to the provisions of S.C. Const. Art. V, § 4, I find that the expeditious resolution of motions in the Court of Common Pleas would contribute greatly to the timely disposition of pending cases. I also find that due to time and personnel constraints faced by the Judicial Department, administrative action is necessary to ensure that motions are determined as efficiently as possible.

I further find that the Common Pleas Docket Management Task Force has requested that the Supreme Court of South Carolina create a pilot program requiring that parties file and serve supporting authority together with written motions and authorizing the resolution of motions in civil actions without a hearing. Accordingly, a pilot program in the Third and Fifteenth Judicial Circuits is established and the procedures outlined herein are adopted and applicable to all motions filed on or after October 1, 2015.

1. A written motion shall be filed and served with a supporting memorandum of law. A supporting memorandum of law is not required if a full explanation of the motion is contained within the motion and a memorandum would serve no useful purpose. Affidavits and other materials supportive of the motion shall be filed and served with the motion. In the case of motions to compel discovery, the relevant discovery requests and responses, if any, shall be filed and served as supporting documentation. These requirements shall not apply to motions made during the course of a trial unless required by the court.

2. Except as provided in Rule 59(c), an opposing memorandum of law shall be filed and served not later than 30 days after service of the initial motion. Affidavits and other supporting materials shall be attached.

3. The moving party may file and serve a reply memorandum of law not later than 10 days after service of the opposing memorandum, materials, or affidavits. Affidavits and other supporting material shall be attached to the reply. Reply briefs and affidavits are discretionary, but encouraged.

4. The court may extend or expedite the briefing schedule in its discretion. The time periods contained in this order may be extended by agreement of the parties if the total time for briefing does not exceed 75 days from the date the initial motion is served. If a party seeks to extend the total briefing period beyond 75 days, the party shall request an extension in writing from the court, and may do so with or without consent of the opposing party. Extensions shall be granted only for good cause shown.

5. Unless an exception is granted by the court, no initial or opposing memorandum shall exceed 35 double-spaced pages or 15 double-spaced pages in the case of any reply. This page limitation is exclusive of affidavits and other supporting documentation. Parties shall refer to specific page numbers in citing to affidavits, exhibits, or other written materials provided in support of legal or factual positions. A party may not file a deposition or other transcript without specific reference in writing to the line and page numbers supportive of the particular points at issue in the motion or memoranda.

6. After the submission of all timely filed briefs, the trial court may grant oral argument in its discretion or may rule without further notice on the written filings without scheduling oral argument. Oral argument shall be held on all dispositive motions unless the parties agree that no such argument is necessary. Motions pursuant to Rule 59(e) may be decided on briefs without a hearing.

I further find that, in some circuits, motions have been pending for more than 6 months, and sometimes up to a year. The reason for this delay, in most instances, is that it has become the practice in the civil courts of this State to conduct a hearing before a motion is determined. Limited terms of court are available for disposition of motions and such hearings are often time-consuming, expensive, and unnecessary. This burdens the civil court system and delays justice to litigants.

IT IS HEREBY ORDERED that all Circuit Court Judges and Masters in Equity in the pilot circuits reduce the number of motions pending on the civil dockets. Within 15 days of the date of this Order, the Clerks of Court in the Third and Fifteenth Judicial circuits shall provide the designated Chief Administrative Judges a list of motions that are currently pending. The list shall contain the title of the motion, the type of case, the date the motion was filed, and the names of the attorneys or self-represented litigants of record. The Chief Administrative Judge and the Judges assigned to the civil terms of court in the pilot circuits shall work with the Clerks of Court to dispose of pending motions and to thereafter resolve newly-filed motions, with memoranda and supporting materials if desired within 90 days of this order, unless the

trial court has already scheduled a hearing on the motion. This rule is not intended to delay the disposition of any motions already scheduled for a hearing.

IT IS FURTHER ORDERED that as jury and nonjury cases settle during any term of court, and during chambers weeks, the Clerks of Court in the Third and Fifteenth Judicial Circuits shall provide judges assigned to the circuit with motions and any accompanying memoranda or other support for resolution without a hearing subject to the provisions of Paragraph 6 above. Special emphasis may be placed on the oldest pending motions, emergency or injunctive motions, or on motions affecting upcoming trials.

IT IS FURTHER ORDERED that all motions filed on or after October 1, 2015, be disposed of within 90 days of the date of filing, absent extraordinary circumstances. The Clerks of Court in the pilot counties shall submit reports to the Supreme Court every three months, beginning three months after the date of this Order. The report shall contain the status of all pending motions, including the number pending, the date filed, and if requested by the Chief Justice or Court Administration, the reason any motion pending over 90 days has not been decided.

This order is effective immediately and shall remain in effect until amended or revoked by subsequent Order of the Chief Justice or the Supreme Court.

IT IS SO ORDERED.

/s/Jean H. Toal, C.J.